CASE No. 815.

## McCROSKY v. PARKS.

1. A decree not appealed from is binding upon infants properly made parties defendant thereto, although the guardian *ad litem*, who answered formally,

was appointed upon the motion of the complainant's solicitor.  Such decree cannot be questioned in collateral proceedings.

2.  The principle decided in *Bulow* v. *Witte*, 3 *S. C.* 308, approved.

———

Before FRASER, J., Abbeville, April, 1879.

This was an action brought in 1877, by B. B. McCrosky and Irene C., his wife, and Flora P. McCrosky, against John T. Parks and Elizabeth C. Upton, administrators of the estate of John G. Barrett, the sureties on the administration bond, two infant children of John G. Barrett, and others.  Irene C. McCrosky and F. P. McCrosky were children of the intestate. The action was for an accounting of the intestate's estate, and there was also a prayer that certain proceedings had in the Court of Equity for Abbeville district in 1868 be held no bar against the accounting here demanded.  These proceedings were set up in the answers as a bar to this action: that the matters here complained of had been there adjudicated.

The equity proceedings of 1868 were as follows : Elizabeth C. Upton, widow of John G. Barrett, and administratrix upon his estate, with her husband, W. A. Upton, filed their bill of complaint against John T. Parks, a brother of Elizabeth C., and her co-administrator, offering to account themselves and demanding from Parks an accounting, and praying for a final settlement of the estate.  The four children of the intestate, all infants, were made parties defendant and were served with process.  A guardian *ad litem* was appointed for them upon the nomination of the complainants' solicitor, and such guardian put in a formal answer.  The commissioner in equity, by his report, relieved E. C. Upton and also John T. Parks, of liability to account for large sums of confederate money received by them, and also for the purchase money of negro slaves bought by them at the estate sale in 1864.  To this report no exceptions were taken, and in July, 1868, it was confirmed by Chancellor Carroll, and made the decree of the court.  No appeal was taken.

This is a sufficient statement of the case under the view taken of it by this court.

The Circuit judge held that the decree of 1868 was binding

upon the infant parties thereto, and that the matters here brought to the attention of the court, were *res adjudicata.* The plaintiffs appealed upon the grounds, *inter alia :*

1. That his Honor erred in decreeing that the infant defendants were properly made parties to the equity suit of 1868, and hence were bound by the decree of Chancellor Carroll, although the guardian *ad litem,* who represented them, was appointed by the solicitor of the complainants, whose interests were adverse.

2. That whether the infant defendants were properly made parties or not, they were entitled to a day after coming of age, to show cause, if any, against the decree, and that the plea of *res adjudicata* has no application to infants until that opportunity is given, and that his Honor erred in deciding to the contrary.

*Messrs. Lee & Blake,* for appellants.

To what extent judgments are conclusive is considered in 2 *Sm. Lead. Cas.* 474; 1 *Greenl. on Ev.,* § 528 ; 1 *Hill Ch.* 14. But it is only binding upon parties and privies. 1 *Stark. on Ev.* 217 ; 1 *Bail.* 242. As to its conclusiveness upon infants. 9 *Rich. Eq.* 324 ; 4 *Rich. Eq.* 411 ; 5 *Id.* 197; 7 *Id.* 43. Process is served upon an infant as upon an adult. 1 *Daniell's Ch. Pr.* 500. But he must appear by guardian. *Ib.* 205 ; 1 *Smith Ch. Pr.* 254 ; and see particularly 3 *S. C.* 308, and note the difference between that case and this in appointing a guardian. A guardian should never be appointed upon the nomination of an adverse party. 8 *Pet.* 128 ; 2 *Paige* 304 ; 2 *Hoff. Ch. Pr.* 173 ; 7 *Rich. Eq.* 43. In this case, the whole proceeding was perfunctory ; no testimony was taken, as to the rights of the infants—two counsel represented all parties—formal answers, formal accounting, formal report and formal decree. There has been no transfer of interests, no sales ; the decree can be opened without prejudice to the rights of any.

Besides : the infants are entitled to a day after coming of age to show cause against the decree. 3 *Bac. Ab.* 614, 615 ; *Bing. on Inf.* 115 ; 1 *P. Wms.* 736 ; 1 *Daniell's Ch. Pl. & Pr.* 311 ; 2 *Kent* 245 ; 3 *Johns. Ch.* 368 ; 3 *M. & K.* 409 ; 1 *Desaus.* 109, 125, 201 ; 3 *Id.* 18 ; 4 *Id.* 86. The infant is not bound to wait until he comes of age, but may apply for that purpose as soon as

he thinks fit, and may do this by bill of review, rehearing, or by original bill, alleging specially the errors in the former decree. 1 *P. Wms.* 736; 3 *Bac. Ab.* 614; 1 *Daniell's Ch. Pr. & Pl.* 211. The procedure in this case has been by original bill.

*Mr. S. McGowan* and *Mr. E. G. Graydon,* contra.

February 24th, 1880. The opinion of the court was delivered by

WILLARD, C. J. We are entirely satisfied with the conclusions of the Circuit judge. The question of the binding efficacy of a decree to which infants are parties, is substantially disposed of by *Bulow* v. *Witte,* 3 *S. C.* 308. The effort in that case was to get rid of a decree or final order upon a petition for the sale of infants' estate, upon grounds including the objection that the infants were not properly made parties. The foundation of the argument on which the judgment of the court in that case rested, was this proposition—that when infants are properly made parties to a bill in equity, they are bound by a decree made upon such bill, and cannot impeach it, collaterally or otherwise, than by a direct appeal therefrom. The same rule was there applied to cases coming into the Court of Chancery by a petition for the sale of an infant's estate. It is clear that if a decree against infants in a suit to which they are duly made parties binds them to the extent of divesting them of their title to real estate, it will bind them in all other respects in the same manner as it would bind adult parties.

The argument of the appellants merely amounts to an objection to the decree by which it is held that they are bound on the ground of error and irregularity. Such objections to the decree can only be taken upon appeal therefrom, and cannot be heard in a proceeding merely collateral thereto, such as is the present suit.

The judgment appealed from should be affirmed and the appeal dismissed.

McIVER, A. J., concurred.